NOBLE v. HAFF et al.

(Supreme Court, Appellate Term, First Department.  November 10, 1915.)

1. EXECUTORS AND ADMINISTRATORS &⟶438—ACTIONS—PARTIES—JOINDER.

Under Code Civ. Proc. § 1815, providing that an action may be brought against an executor personally and also in his representative capacity, where the complaint states facts which render it uncertain in which capacity the cause of action exists against him, one having a claim against the estate of a deceased may sue the executors of his estate both individually and in their representative capacity, where it does not appear whether the cause of action arose before or after the death of the deceased.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1765–1785, 1790; Dec. Dig. &⟶438.]

2. EXECUTORS AND ADMINISTRATORS &⟶443—ACTIONS—PLEADING.

Where one, suing executors individually and in their representative capacity on a claim against a decedent's estate for conversion, alleges demand on the deceased and on his executors, he must also allege the date of each demand; the date being essential to the cause of action, in determining whether judgment should be against the executors as such, or individually.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1798–1811, 1823–1830, 1842–1845, 1848; Dec. Dig. &⟶443.]

Appeal from City Court of New York, Special Term.

Action by Florence Noble against Alvah C. Haff and another, individually and as executors of Alvah W. Haff, deceased.  From an order directing that the complaint be made more definite and certain, plaintiff appeals.  Modified and affirmed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Goldman, Heide & Unger, of New York City (William F. Unger, and M. L. Heide, both of New York City, of counsel), for appellant.

John L. Lockwood, of New York City, for respondents.

BIJUR, J.  The complaint alleges in substance that plaintiff delivered a certain certificate for shares of stock to defendants' testator, that she demanded its return without avail, and that since testator's death and defendants' appointment she has made a similar unsuccessful demand upon the defendants.  It also alleges that either the testator or the defendants have disposed of the certificate.

[1] As I read it, this complaint sets out but one cause of action, in conversion; and I find nothing inconsistent in the allegations, since both acts of conversion may have occurred.  The right to sue the defendants individually and in their personal capacity, where it is uncertain whether the cause of action arose through acts of the testator or of the defendants individually, seems to be clearly accorded by section 1815 of the Code of Civil Procedure.

[2] Except, therefore, that plaintiff should by the complaint apprise defendants of the date of the demand upon the testator and themselves

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

respectively, that date being the date of an event essential to the cause of action in that aspect, I find no merit in the defendant's motion.

The order will be modified accordingly, and, as modified, affirmed, without costs, but with disbursements to the appellant. All concur.